# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

### No. 85
### WHEELER v. NIMS, et al
Franklin County Court of Appeals
No. 971, May, 1922
For full opinion see Columbus Daily Law Reporter, Aug. 28, 1922.

**LEASES—(1)** Validating a defective lease by recital in a subsequent lease—**(2)** Relief afforded by a court of chancery.

ALLREAD, J.

#### Epitomized Case

Defendant Nims was the holder of a duly executed 99-year lease of Columbus property and the Kibler Co., a defendant, held a duly recorded prior 10-year defectively executed lease of part of the same premises of which Nims had actual notice at the time he negotiated for and obtained his lease. There was a recital in the 99-year lease, referring to the Kibler lease. The Appellate Court held:

1. The affirmation and recognition of the defective lease of the Kibler Co. by the lessee in the 99-year lease had the effect of validating it and estopping both parties from denying its validity.

2. The lessor was under a moral obligation to protect the Kibler lease in any subsequent conveyance, and this obligation to protect and make good the lease is recognized as such in a court of equity. This they attempted to do by inserting a validating recital in the 99-year lease, and a court of chancery should recognize the validity of the prior defective lease and afford as full relief against the 99-year lease as it would originally have exercised against the lessors.

Decree in favor of the Kibler Company.

Attorneys—Henry A. Williams, for Wheeler; Thomas M. Bigger and S. A. Sharp, for Nims; and Oscar W. Newman, and Hedges, Hoover & Tingley, for the Kibler Co.

### No. 86
### BROZICH v. STATE
Cuyahoga County Court of Appeals
No. 4386, Dec. 18, 1922

**CRIMINAL LAW—(1)** Prejudicial variance offense charged and evidence different, 13581 GC., 13582 GC.

SULLIVAN, P. J.

#### Epitomized Opinion

Error to Cuyahoga County Common Pleas Court.

The Grand Jury returned an indictment against Brozich, charging larceny for stealing nine "rungs" of the value of $360. On the trial the evidence was that he stole nine rugs of the value of $360. Brozich was convicted, the trial court overruled a motion for new trial, and sentenced Brozich.

Brozich counsel contended there was such a variance between "rungs" and "rugs" that 13581 and 13582 GC. did not apply or cure the variance. The Court of Appeals held:

1. That where the property described in the indictment is an entirely different chattel in use, purpose and meaning from the chattel which the evidence shows to have been the subject of the larceny, and the names have no relation to each other, and there is such a variance as to be prejudicial to the accused, for if the accused was convicted on an indictment, charging the larceny of nine "rungs" and he were again indicted for the larceny of nine "rugs," he would have no record sufficient to bar a prosecution, and the variance is not cured by those sections of the code.

Attorneys—C. V. Liggett and Jesse Stephens, for Brozich; E. C. Stanton, for State.

### No. 87
### EVA FRAZIER v. ADDIE M. SCOTT, Guardian
Montgomery County Court of Appeals
No. 253, Dec. 29, 1922
For full opinion see Dayton Daily Legal News.

**LIFE INSURANCE—(1)** Rights arising by paying premiums for insured, lost by surrender of policy, and reissue with a new beneficiary—**(2)** Beneficiary gets no vested right when policy gives assured right to change.

BY THE COURT.

#### Epitomized Opinion

Frazier claims as beneficiary under two insurance policies. The action originated in the municipal court, and the judgment there rendered, in favor of the guardian, was affirmed in the common pleas. Frazier had paid the premiums upon the policies until 1914 and had been designated as the beneficiary.

In one policy it was provided that it would be payable to a relative by blood or marriage equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial. In the other there was a provision for a change of beneficiary by the insured. In 1914 the policies were surrendered and a new policy issued naming the wards of Scott as beneficiary. The Appellate Court held:

1. That if Frazier would have been entitled to anything on account of incurring expense on behalf of insured she lost it by the issuing of a new policy naming a new beneficiary.

2. That as the policy contained a clause reserving to the assured the right to change the beneficiary, Frazier acquired no vested right in the insurance. Judgment affirmed.

Attorneys—Bauman & Haynes, for Frazier; Scott's attorneys not given.

**DOWER—(1)** Narrative—**(2)** Assignment of Appealable—**(3)** Appeal bond filed too late—**(4)** Final orders authorizing appeal—**(5)** Appeal vacated judgment and dismiss error proceedings—**(6)** Evidence offered insufficient to impeach report.